E-FILED
Thursday, 07 April, 2022  12:07:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM FREDERICK,            )
   Plaintiff,                 )
                           )
   vs.                        )            Case No. 21-4186
                           )
WEXFORD HEALTH SOURCES, et. al.,  )
   Defendants                 )

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

The *pro se* Plaintiff was detained at the Rushville Treatment and Detention Center when he originally filed this lawsuit, but he has since been released.  Plaintiff seeks leave to proceed *in forma pauperis* (IFP). [7].

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972).  Plaintiff has demonstrated he is unable to afford the filing fee.[7].

Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2).  Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *See Turley v. Rednour*, 729 F.3d 645, 649

1

(7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff's complaint identifies six Defendants at Rushville including Wexford, Health Sources, Dr. David Marcowitz, Nurse Vanzandt, Nurse Watson, Nurse Jane Doe and Security Therapy Aide (STA) Wanda Pennock. At some unspecified point, Plaintiff says he began complaining to Rushville staff about his "declining health" and in particular "his inability to maintain his balance as well as his perceived tiredness and fainting." (Comp., p. 5). Plaintiff says he suffers from Crohn's disease as well as a "compromised immune system." (Comp, p. 6). As a result, Plaintiff says he takes mediations which have the potential side effect of dizziness.

Medical staff was aware of Plaintiff's complaint on July 22, 2020, when an unspecified nurse wrote a note indicating Plaintiff wanted to see the doctor about a low bunk permit because he had fallen seven times in the last 6 months getting in or out of his top bunk.

No action was taken and on January 28, 2021, Plaintiff says he fainted while climbing into his bed. Medical staff responded and Plaintiff met with Defendant Nurse Vandzandt who notified Defendant Dr. Marcowitz. Plaintiff was taken to an outside hospital.

Plaintiff says Defendant Nurse Vandzant did not provide any care prior to his transport. The nurse did not clean or cover his wound, nor did she provide him with a face mask. However, Plaintiff admits hospital staff did provide a mask as well as a

2

tetanus shot and eight staples to the back of his head.  Plaintiff was also given a low bunk permit.

Plaintiff met with Defendant Dr. Marcowitz the next day and spoke with him about Plaintiff's need for a continued low bunk permit.  The doctor did not respond.  Later in the day, Plaintiff was informed he would be discharged from the top bunk.  Plaintiff appealed to Defendant STA Pennock.  Plaintiff claims the Defendant could have approved a low bunk, but she refused.  Plaintiff also notified his clinical treatment team he needed a low bunk.

Plaintiff fell again this same day causing additional injuries and pain to his side, arm, shoulder, back, and neck.  Plaintiff was transferred to the Fox Unit, but not to the infirmary.  Plaintiff does not explain why he was moved to this particular unit, nor is it clear if he was in a top or bottom bunk.  Plaintiff was advised Defendant Dr. Marcowitz did not believe Plaintiff needed to be admitted to the infirmary and the doctor did not order a low bunk permit, nor did he review Plaintiff's medications as potential causes of his dizziness.

On February 8, 2021, unspecified nurses documented Plaintiff's complaints of pain and referred Plaintiff to the doctor.  Plaintiff says Defendant Nurses Watson and Vandsandt did not provide him with any pain medications, nor any other care for what he believes were cracked ribs.  Plaintiff does not state whether any medical professional diagnosed his rib injury.

Plaintiff was released from Fox Unit back to his original housing unit on February 29, 2021 and he was moved to a lower bunk.  Apparently, Plaintiff did have a

low bunk permit during this time period, but he was again informed on September 1, 2021 the permit was discontinued. Plaintiff was released from Rushville in November of 2021.

Plaintiff says his falls could have been avoided if he were given a low bunk permit.  In addition, Plaintiff says he was denied medical care because he should not have been prescribed medication which caused dizziness.  Dizziness can be a potential side effect of many medications and Plaintiff does not state whether any medical professional determined the cause of his dizziness, nor if he still has problems with balance.

Plaintiff says Wexford has no policy to prevent the prescription of medications which cause dizziness.  Plaintiff also complains about a sick call request system because it does not document the reason for the request.

Plaintiff has adequately alleged Defendant Dr. Marcowitz violated his Fourteenth Amendment rights when he denied a low bunk permit, he did not make an effort to determine the causes of Plaintiff's dizziness, and he denied care for Plaintiff's pain after the fall.   Plaintiff has further alleged Defendant Nurses Vadzandt and Watson were deliberately indifferent to his continued reports of pain.  Plaintiff has further alleged Defendant Pennock violated Plaintiff's Fourteenth Amendment rights based on failure to provide a low bunk permit.

Plaintiff has not clearly alleged a claim against Nurse Vandzandt on the day he fell because he admits the nurse immediately notified the doctor and Plaintiff was transported to the hospital where he did receive needed care and a mask. Plaintiff has

4

also failed to articulate a claim against Defendants Wexford Health Sources or Nurse Jane Doe, and he has not articulated an official capacity claim.

**IT IS ORDERED:**

1.      Plaintiff's petition to proceed in forma pauperis is granted. [7].  Pursuant to a review of the Complaint, the Court finds that Plaintiff states the following federal constitutional claims: a) Defendant Dr. Marcowitz violated Plaintiff's Fourteenth Amendment rights when he denied Plaintiff was denied a needed low bunk permit, he failed to investigate the cause of Plaintiff's dizziness, and failed to provide care for Plaintiff's resulting pain; b) Defendant Nurses Vadzandt and Watson were deliberately indifferent to Plaintiff's reports of pain after the fall; and c) Defendant Pennock violated Plaintiff's Fourteenth Amendment rights based on failure to provide a low bunk permit. The claims are stated against the Defendants in their individual capacities only.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.      This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3.      The Court will attempt service on Defendants by sending each Defendant a waiver of service.  Defendants have 60 days from the date the waiver of service is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4.      With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.      Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6.      Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7.     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

8.      If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

9.     **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

10.     **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

11.     **The Clerk is directed to dismiss Defendants Wexford and Jane Doe for failure to state a claim.** *See* **28 U.S.C. § 1915(d)(2).**

12.     **The Clerk is to set an internal Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

ENTERED this 7th day of April, 2022.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE

7