UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| WILLIAM FREDERICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 21-cv-4186 |
| | ) | |
| DAVID MARCOWITZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was civilly committed at the Rushville Treatment and Detention Center. (Doc. 1). Defendant Wanda Pennock filed a Motion for Sanctions seeking the dismissal of this case with prejudice for Plaintiff's failure to comply with a Court Order. (Doc. 50). For the reasons indicated herein, Defendant's Motion is GRANTED.

### BACKGROUND

On January 27, 2023, Defendant Pennock served Plaintiff written discovery requests. Plaintiff's responses were due on February 27, 2023. Plaintiff did not respond. On April 19, 2023, Defendant filed a motion to compel Plaintiff's responses to her written discovery requests. (Doc. 45).

On April 20, 2023, this Court ordered Plaintiff to respond to Defendant's motion to compel by May 11, 2023. (d/e 4/20/2023). On May 15, 2023, Plaintiff filed a motion for extension of time to respond to Defendant's discovery requests. (Doc. 46). On May 18, 2023, the Court granted Plaintiff's motion and directed him to respond to the discovery requests by June 19, 2023. (d/e 5/18/2023).

1

On July 3, 2023, Defendant filed her second motion to compel Plaintiff to respond to her written discovery. (Doc. 49). On July 7, 2023, the Court granted Defendant's motion and directed Plaintiff to respond to Defendant's discovery requests by July 21, 2023. (d/e 7/7/2023). The Court admonished Plaintiff that the failure to respond to Defendant's discovery requests would result in the dismissal of this case with prejudice for failure to comply with the Court's Order and failure to prosecute. *See* Fed. R. Civ. P. 41(b).

On August 4, 2023, Defendant filed a Motion for Sanctions asserting that Plaintiff still had not provided the discovery responses due by July 21, 2023. (Doc. 50). Plaintiff's response to Defendant's Motion for Sanctions was due by August 18, 2023, but Plaintiff did not respond.

## ANALYSIS

A complaint may be dismissed as a sanction under Federal Rule of Civil Procedure 37(b) if a party "fails to obey an order to provide or permit discovery." *Watkins v. Nielsen*, 405 Fed. App'x 42, 44 (7th Cir. 2010) (internal citations omitted); Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal is appropriate if the court finds the party's actions "displayed willfulness, bad faith, or fault, and if dismissal would be a proportionate response to the circumstances. *See Watkins*, 405 Fed. App'x at 44; *see also Williams v. Wahner*, 714 Fed. App'x 601 (7th Cir. 2018) (upholding district court's dismissal of case for plaintiff's failure to respond to discovery). "If the failure is inadvertent, isolated, no worse than careless, and not a cause of serious inconvenience either to the adverse party or to the judge or to any third parties, dismissal … would be an excessively severe sanction." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

Here, Plaintiff failed to maintain any meaningful involvement in his case, which has been at a standstill for months due to his failure to provide discovery responses and failure comply with the Court's Orders. This failure is more that inadvertent, isolated, or careless and has caused

2

serious inconvenience to the Defendant. *See Crown Life Ins. Co.*, 995 F.2d at 1382. As a result, the Court finds that Plaintiff has displayed willfulness, bad faith, and conduct sanctionable under Rule 37(b)(2)(A)(v) and failed to comply with the Court's Orders under Rule 41(b). Defendant's Motion for Sanctions is GRANTED, and this case is hereby DISMISSED with prejudice.

**IT IS THEREFORE ORDERED:**

1) Defendant's Motion for Sanctions [50] is GRANTED. This case is DISMISSED with prejudice as a sanction for failure to participate in discovery and failure to follow the Court's Orders. The Clerk is directed to enter judgment and close this case.

2) If Plaintiff wishes to appeal this judgment, he must file a Notice of Appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).

3) To proceed *in forma pauperis* on appeal, Plaintiff must file a Motion for Leave to Proceed on Appeal *in forma pauperis* and identify the issues he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (An appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED:  8/24/2023

s/ James E. Shadid  
James E. Shadid  
United States District Judge